E-filing

Laurence F. Padway, #89314
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, California 94501
Telephone: (510)814-6100
Facsimile: (510)814-0650

Attorney for plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN DEDIEMAR,

      Plaintiff,

vs.

THE CHARLES SCHWAB LONG TERM DISABILITY PLAN,

      Defendant
_____/

UNUM LIFE INSURANCE COMPANY OF AMERICA,

      Real Party In Interest
_____/

No. C07-02982

COMPLAINT FOR ERISA BENEFITS

Comes now plaintiff alleging of defendant as follows:

### Jurisdiction

1. This suit seeks review of a failure to extend benefits under a long term disability plan covered by ERISA, 28 U.S.C. 1132. Federal jurisdiction arises under 28 U.S.C. 1132(f).

### Facts

2. Plaintiff is a beneficiary of The Charles Schwab Long Term Disability Plan which

Complaint for ERISA benefits        1

resides within this judicial district. The plan is covered by the Employee Retirement Income Security Act of 1974.

3. Real party in interest, UNUM Life Insurance Company of America is a corporation which acts as a fiduciary of the plan and has taken over as the decision-maker of for disability benefits under the plan. Said defendant delegated its duties to administer claims to UnumProvident Corporation

4. Plaintiff became disabled on December 28, 2000, during his employment by Scholastic, Inc. and while covered under the plan which provides for payment in the event of disability.

5. Plaintiff filed a claim under the plan and was paid from April 16, 2001 through April 15, 2003. Defendant terminated benefits thereafter.

6. Plaintiff appealed that denial to the plan on May 1, 2003. The plan denied the appeal on May 16, 2003

7. Plaintiff made a request for re-appeal on June 9, 2003. The plan denied the re-appeal on November 5, 2003.

8. On February 14, 2005, UnumProvident offered to reassess Mr. Dediemar's claim under the Multistate Claim Reassessment Program. Plaintiff accepted that offer. Under the terms of the Reassessment program, plaintiff waived his right to pursue legal remedies against UnumProvident to the extent that benefits were paid as a result of the reopening of the claim. However, plaintiff retained his right to sue to the extent that benefits were not paid to him as a result of the reassessment process.

9. Plaintiff submitted additional reports to UnumProvident in connection with the reassessment process, and otherwise complied with the terms of the program. A dispute arose between plaintiff and UnumProvident on November 27, 2006, as to whether or not plaintiff had returned certain forms to UnumProvident, as a result of which UnumProvident rejected plaintiff's claim for benefits under the reassessment program. The statute of limitations relevant to this lawsuit was stayed as a result of plaintiff's participation in the reassessment program.

10. The act of UnumProvident Corporation in refusing to complete the reassessment of plaintiff's claim breached the conditions of the reassessment agreement. The material submitted by plaintiff under the reassessment agreement is part of the administrative record which should be considered by the Court in this case.

11. As a proximate result thereof, plaintiff has been damaged by the loss of benefits from April 16, 2003 to date in the sum equal to 66.67% of his salary ($5096.00 per month) less offsets (Social Security Disability $1692 per month) for a total monthly benefit of $3404, and benefits continuing into the future until such time as he becomes able to work. Plaintiff's lost benefits to date total: $163,392. Future benefits until age 65 total: $1,021,200.00.

12. Plaintiff has been compelled to retain counsel to collect the benefits owed, and is entitled to reasonable attorneys fees under ERISA in an amount dependent upon the extent of litigation required and estimated at $150,000 through trial.

Wherefore, plaintiff prays for relief as set forth below:

1. For benefits, past and future, for long term disability, as provided by the terms of the plan in the amount of $1,184,592;

Complaint for ERISA benefits                 3

2. For attorneys fees of $150,000 or according to proof;

3. For such other relief as the court deems just and proper.

Dated: June 6, 2007

_____
Laurence F. Padway
Attorney for plaintiff

Complaint for ERISA benefits                             4