Horace W. Green (SBN 115699)
C. Mark Humbert (SBN 111093)
GREEN & HUMBERT
220 Montgomery Street, Suite 438
San Francisco, California 94104
Telephone: (415) 837-5433
Facsimile: (415) 837-0127

Attorneys for Defendants
THE CHARLES SCHWAB
DISABILITY PLAN erroneously sued as
THE CHARLES SCHWAB LONG TERM
DISABILITY PLAN and
UNUM LIFE INSURANCE COMPANY OF
AMERICA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN DEDIEMAR,<br><br>    Plaintiff,<br><br>vs.<br><br>THE CHARLES SCHWAB LONG TERM DISABILITY PLAN,<br><br>    Defendants. | Case No. C 07-02982 VRW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants The Charles Schwab Disability Plan ("the Plan"), erroneously sued as The Charles Schwab Long Term Disability Plan, and Unum Life Insurance Company of America ("Unum") (collectively "Defendants"), answering for themselves and for no other defendants, hereby answer Plaintiff's Complaint as follows:

//

//

//

Defendants' Answer to Plaintiff's Complaint - Case No. C 07-02982 VRW

## ANSWER TO JURISDICTIONAL ALLEGATIONS

1. Answering paragraph one, Defendants admit that this court has subject matter jurisdiction over this dispute without regard to the citizenship of the parties pursuant to 29 U.S.C. § 1132(a)(1)(B) and (e)(1).

## ANSWER TO CLAIM FOR RELIEF

2. Answering paragraph two, Defendants admit that Plaintiff was a participant in the Plan from December 15, 1998 through June 15, 2000. Defendants further admit that the Plan is an ERISA plan formed by the Charles Schwab Corporation, and that venue is proper in this judicial district. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

3. Answering paragraph three, Defendants admit that at all times material hereto, Unum acted as the claims reviewing entity for the Plan. Defendants further admit that the Plan granted Unum discretionary authority with respect to determinations of eligibility for benefits, and with respect to interpretation of the terms of the Plan. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

4. Answering paragraph four, Defendants admit that Plaintiff satisfied the Plan's definition of "total disability" for the period September 18, 2000 – March 16, 2003, but deny that Plaintiff satisfied the Plan's definition of "total disability" for any period subsequent to March 16, 2003. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

5. Answering paragraph five, Defendants admit that the Plan paid benefits to Plaintiff for the period March 17, 2001 – March 16, 2003, but deny that Plaintiff satisfied the Plan's definition of "total disability" for any period subsequent to March 16, 2003. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained in said paragraph.

6. Answering paragraph six, Defendants admit that Plaintiff submitted an appeal of the Unum's determination regarding Plaintiff's entitlement to benefits for the period

subsequent to March 16, 2003.  Defendants further admit that, by letter dated May 20, 2003, Unum informed Plaintiff that the decision regarding Plaintiff's entitlement to additional Plan benefits would be upheld.  Except as expressly admitted herein, Unum denies each and every remaining allegation contained in said paragraph.

7.  Answering paragraph seven, Defendants deny each and every allegation contained in said paragraph.

8.  Answering paragraph eight, Defendants admit that Unum offered to reassess Plaintiff's claim under certain terms and conditions, which were set forth in correspondence to Plaintiff and which speak for themselves.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

9.  Answering paragraph nine, Defendants admit that Plaintiff failed to comply with the terms and conditions under which Unum offered to reassess Plaintiff's claim. Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in said paragraph.

10.  Answering paragraph ten, Defendants deny each and every allegation contained in said paragraph.

11. Answering paragraph eleven, Defendants deny each and every allegation contained in said paragraph, and further deny that Plaintiff is entitled to the relief sought.

12.  Answering paragraph twelve, Defendants deny each and every allegation contained in said paragraph, and further deny that Plaintiff is entitled to the relief sought.

**ANSWER TO PRAYER FOR RELIEF**

13. Answering Plaintiff's Prayer for Relief, Defendants deny that Plaintiff is entitled to the relief sought, or relief in any amount, or at all.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

14. Plaintiff's Complaint and each purported cause of action contained therein fail to set forth facts upon which relief may be granted against Defendants.

//

## SECOND AFFIRMATIVE DEFENSE

15. Plaintiff's Complaint, and every cause of action alleged therein, are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"); therefore, Plaintiff is not entitled to any remedy not provided under ERISA.

## THIRD AFFIRMATIVE DEFENSE

16. Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendants, or any of them, but rather was caused by circumstances, persons, and/or entities for which and/or for whom Defendants are not and may not be held responsible, including Plaintiff, and for which Defendants cannot be held liable.

## FOURTH AFFIRMATIVE DEFENSE

17. The Plan defines "disability" as follows:

"You are disabled when Unum determines that:

- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and

- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience."

Plaintiff is not "disabled" as the Policy defines that term. Therefore, Plaintiff is not entitled to further Plan benefits under 29 U.S.C. §§ 1132, *et seq.* or under any other provision of ERISA.

## FIFTH AFFIRMATIVE DEFENSE

18. The Plan contains the following provision:

"Disabilities, due to sickness or injury, which are primarily based on self-reported symptoms, and disabilities due to mental illness have a limited pay period up to

24 months."

To the extent that Plaintiff's claim is based on self-reported symptoms and/or mental illness, Plaintiff was entitled to, at most, a total of 24 months of Plan benefits. Therefore, Plaintiff is not entitled to further Plan benefits under 29 U.S.C. §§ 1132, *et seq.* or under any other provision of ERISA.

### SIXTH AFFIRMATIVE DEFENSE

19. The Plan provides that any payment of Plan benefits shall be reduced by "deductible sources of income," as defined in the Plan. Therefore, to the extent that Plaintiff may demonstrate any entitlement to additional Plan benefits, such benefits must be reduced by the amount of any deductible sources of income that Plaintiff has received.

### SEVENTH AFFIRMATIVE DEFENSE

20. The Plan contains the following provision:

> "When making a benefit determination under the policy, Unum has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy."

The decision regarding Plaintiff's claim for additional disability benefits was based on substantial evidence and was reasonable given the information available to Unum, and as such did not constitute an abuse of the discretionary authority granted to Unum under the Plan. Therefore, Plaintiff is not entitled to recovery of additional Plan benefits.

### EIGHTH AFFIRMATIVE DEFENSE

21. Each and every action or statement made by Defendants was a good faith assertion of Defendants' rights and, therefore, was privileged and justified.

### NINTH AFFIRMATIVE DEFENSE

22. The actions alleged in the Complaint, if and to the extent that they took place, were taken in good faith and were a lawful exercise of sound discretion and Defendants' legal rights, and were based on a rational and reasonable consideration of the facts.

//

**TENTH AFFIRMATIVE DEFENSE**

23. Under ERISA, Plaintiff is bound by the terms of the Plan documents, and may not now complain that it was not what he expected. Therefore, Plaintiff is barred from obtaining the recovery he seeks by way of the Complaint.

**ELEVENTH AFFRIMATIVE DEFENSE**

24. Under ERISA, Plaintiff is bound by the terms of the Plan documents, and may not justifiably rely on any alleged statement which contravenes the express language in the Plan documents. Therefore, Plaintiff is barred from obtaining the relief he seeks by way of the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

25. Defendants are informed and believes, and based thereon allege, that if Plaintiff sustained any injury, damage, or loss, by reason of any act, error or omission of Defendants, or any of them (which Defendants deny), said injury, damage, or loss, if any, must be reduced on the basis of the comparative negligence of Plaintiff which contributed to and proximately caused any such injury, damage, or loss, incurred by Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

26. Any alleged damage suffered by Plaintiff was in no way caused by, or the result of, any fault, act or omission by Defendants, or any of them, but rather was caused by the actions of third parties for whom Defendants may not be held responsible and/or liable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

27. The Plan provides that a participant's coverage under the Plan ends on the date that the participant ceases to be employed by the policyholder. Therefore, to the extent that Plaintiff became disabled after he was no longer employed by The Charles Schwab Corporation, he is not entitled to additional Plan benefits.

**FIFTEENTH AFFIRMATIVE DEFENSE**

28. The Plan contains the following provision:

"Disabilities, due to sickness or injury, which are primarily based on self-reported

symptoms, and disabilities due to mental illness have a limited pay period up to 24 months."

Plaintiff's claim is based on self-reported symptoms and/or mental illness. Unum paid Plan benefits to Plaintiff for the 24 month period March 17, 2001 – March 16, 2003. Therefore, Plaintiff is not entitled to further Plan benefits under 29 U.S.C. §§ 1132, *et seq.*

### SIXTEENTH AFFIRMATIVE DEFENSE

29.  Under ERISA a claim for Plan benefits may only be brought against the Plan. Therefore, Unum is not a proper party to Plaintiff's Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

30. Under ERISA's civil enforcement scheme (29 U.S.C. §§ 1132 *et seq.*), Plaintiff may recover back benefits, and (in the Court's discretion) prejudgment interest and reasonable attorney's fees. Plaintiff may not recover future Plan benefits. Therefore, Plaintiff's claim for this form of recovery is legally unsupportable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

31.  Plaintiff's claim is barred by the applicable statutes of limitation as provided in the Plan and/or under ERISA.

### NINETEENTH AFFIRMATIVE DEFENSE

32. Plaintiff's claim does not meet the requirements for recovery of Plan benefits; therefore, Plaintiff is not entitled to recovery of attorney's fees against the Plan.

### TWENTIETH AFFIRMATIVE DEFENSE

33.  Unum's offer to reassess Plaintiff's claim under certain terms and conditions, with which Plaintiff did not comply, does not create a right of action for Plan benefits.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

34.  Because the Court may only review Defendants' claim determination for abuse of discretion, the Court's review is limited to the documents contained in the administrative record at the time Unum made its final determination, and may not rely on any evidence that is extrinsic to the record as of that date.

//

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

35. Defendants reserve the right to amend their Answer to Plaintiff's Complaint, including the right to include additional affirmative defenses.

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff take nothing thereby;

2. That judgment be entered in favor of Defendants and against Plaintiff;

3. That Defendant be awarded its costs of suit and attorney's fees; and

4. For such other and further relief as the Court may deem just and proper.

DATE: July 16, 2007                    GREEN & HUMBERT


By:  **/s/ Horace W. Green**
     HORACE W. GREEN
     C. MARK HUMBERT
     Attorneys for Defendants
     THE CHARLES SCHWAB DISABILITY PLAN and
     UNUM LIFE INSURANCE COMPANY OF AMERICA