Horace W. Green (SBN 115699)
GREEN & HUMBERT
220 Montgomery Street, Suite 438
San Francisco, California  94104
Telephone: (415) 837-5433
Facsimile:   (415) 837-0127

Attorneys for Defendant
THE CHARLES SCHWAB DISABILITY PLAN,
erroneously sued as THE CHARLES SCHWAB
LONG TERM DISABILITY PLAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DEDIEMAR, | Case No. C 07-02982 VRW |
| Plaintiff, | **DEFENDANT'S CASE MANAGEMENT STATEMENT** |
| vs. | Date:  October 25, 2007 |
| THE CHARLES SCHWAB LONG TERM DISABILITY PLAN, | Time:  3:30 p.m.<br>Ctrm:  6, 19th Floor<br>Judge: Hon. Vaughn R. Walker |
| Defendant. | |

Defendant THE CHARLES SCHWAB DISABILITY PLAN ("the Plan"), unable to obtain sufficient information to prepare and submit a Joint Case Management Statement, hereby separately submits the following Case Management Statement.

**1. Jurisdiction and Service**

Jurisdiction is based on federal question under ERISA, 29 U.S.C. § 1132(e).  No issues exist regarding personal jurisdiction or venue, and no parties remain to be served.

**2. Facts**

Plaintiff Brian Dediemar ("Dediemar") was a participant in an employee welfare benefit plan ("the Plan") offered by his employer, Charles Schwab & Company, Inc.

("Schwab"). The Plan included a group long term disability policy ("LTD Policy") insured by Unum Life Insurance Company of America ("Unum"). Dediemar was employed by Schwab as an IT Manager. He submitted a claim for disability benefits, stating that he had been unable to work since September 18, 2000. The Plan accepted Dediemar's claim, and paid him benefits for the period April 16, 2001 – April 16, 2003. The Plan closed Dediemar's claim as of April 2003, based on a Plan provision limiting benefits for disabilities due to mental/nervous disorders to 24 months (in Dediemar's case, bi-polar disorder and depression). Dediemar disputes this decision, and alleges that his disability is due to a physical condition (brain trauma and memory loss caused by electroshock therapy).

In February 2005, Unum (the claims reviewing entity) offered to reassess Dediemar's claim. In September 2006, Unum instructed Dediemar to complete and return an information form. Dediemar alleges that he sent this material to Unum in October 2006. Unum's records indicate that Unum never received this information.

The principal factual issue in dispute is whether Unum abused its discretion in determining that Plaintiff is not entitled to benefits after April 16, 2003 under the terms of the Plan.

**3. Legal Issues**

a. The appropriate amount of judicial deference to the claims decision. See *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006).

b. Whether Plaintiff is entitled to additional benefits under the terms of the Plan.

**4. Motions**

Defendant anticipates filing a motion for summary judgment.

**5. Amendment of Pleadings**

None.

**6. Evidence Preservation**

Defendant provided Plaintiff with a copy of the Administrative Record in this matter with its Initial Disclosures.

**7. Disclosures**

Defendant has served its Initial Disclosures pursuant to FRCP 26(a)(1). Defendant will disclose the individuals likely to have discoverable information (Unum employees, Schwab employees and Plaintiff's treating physicians), and provide a copy of the Administrative Record.

**8. Discovery**

Defendant submits that the Court's determination as to whether the Plan abused its discretion is limited to a review of the Administrative Record.  Defendant has provided Plaintiff with the Administrative Record in this matter with its Initial Disclosures, accordingly, no discovery should be allowed.

**9. Class Actions**

Not applicable.

**10. Related Cases**

None.

**11. Relief**

Defendant contends that, if Plaintiff establishes that he is disabled due to a physical injury, he will be entitled to recover past benefits, reduced by any applicable offsets.  Defendant further contends that ERISA does not provide for the payment of future benefits. In addition, the award of attorney's fees in any amount to the prevailing party is within the sound discretion of the Court.

**12. Settlement and ADR**

The parties have stipulated to private mediation.  A mediation session was held on October 15, 2007.  The matter did not settle, but settlement discussions are continuing.

**13. Consent to Magistrate Judge for All Purposes**

Defendant does not consent to assignment to a magistrate judge for all purposes.

**14. Other References**

The parties do not believe that this case is suitable for reference to binding

arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

Defendant anticipates that the issues can be narrowed through a motion for summary judgment.

**16. Expedited Schedule**

Defendant submits that the motions, and the trial (if necessary), should be limited to the evidence contained in the Administrative Record.

**17. Scheduling**

| | |
|---|---|
| Designation of Experts: | None |
| Discovery Cutoff: | None |
| Hearing of Dispositive Motions: | March 2008 |
| Pretrial Conference: | June 2008 |
| Trial: | July 2008 |

**18. Trial**

Defendant: estimated length of trial: 1 day bench trial.

**19. Disclosure of Non-party Interested Entities or Persons**

Defendant filed a Certification of Interested Entities or Persons on July 16, 2007, identifying the Unum Group and Charles Schwab & Company, Inc., as interested entities.

**20. Other Matters**

None at this time.

DATE: October 18, 2007                    GREEN & HUMBERT


                                          By: /s/ Horace W. Green
                                              HORACE W. GREEN

                                          Attorneys for Defendant
                                          CHARLES SCHWAB DISABILITY
                                          PLAN