Laurence F. Padway, #89314
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, California 94501
Telephone: (510)814-6100
Facsimile : (510)814-0650

Attorney for plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DEDIEMAR | No. C07-02982 VRW |
| Plaintiff, | PLAINTIFF'S CASE MANAGEMENT STATEMENT |
| vs. | |
| THE CHARLES SCHWAB LONG TERM DISABILITY PLAN, | |
| Defendant_____/ | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Real Party In Interest_____/ | |

Counsel apologizes to the Court for filing a separate statement. Defense counsel had prepared a draft joint statement which counsel undersigned reviewed and suggested some changes. Unfortunately, these apparently were lost in cyberspace as defense counsel did not receive them, and as a result of the confusion, the parties ended up with separate statements.

We join in defendant's statement with the exception of the standard of review, which should be *de novo*, because of the failure of defendant to reassess the claim.

During the reassessment process, in August, 2006, having heard nothing for over a year from defendant, Mr. Dediemar submitted a lengthy report from Dr. Sheila Bastien and

Plaintiff's CMC Statement                 1

supporting material, which defendant now admits it received. At the time defendant did nothing to acknowledge receipt of this information.  In October, 2006, Mr. Dediemar received some forms which defendant requested be completed and returned to within 60 days.  Counsel mailed the completed forms back to Defendant on October 25, 2006, but Defendant denies receiving them.[1] Because Defendant did not respond following the transmittal of those forms, counsel re-sent them in March, 2007 with a request that Defendant confirm receipt.  Defendant admits receiving the forms in March, but refused to proceed with reassessment of the case claiming that the 60 day "deadline" had not been met.

Mr. Dediemar contends (1) that the forms were sent and (2) that the notice-prejudice rule applies in any event, so that even if the forms had only been returned in March, the claim still should have been reassessed:

> Finally, we reject UNUM's suggestion that the notice-prejudice rule conflicts with § 503 of ERISA, 29 U.S.C. § 1133, which requires plans to provide notice and the opportunity for review of denied claims, or with Department of Labor regulations providing that "[a] claim is filed when the requirements of a reasonable claim filing procedure ... have been met," 29 CFR § 2560.503-1(d) (1998). By allowing a longer period to file than the *minimum* filing terms mandated by federal law, the notice-prejudice rule complements rather than contradicts ERISA and the regulations.
>
> *Unum Life Insurance Co. of America v. Ward* (1999) 526 U. S. 358, 377.

Because defendant failed to proceed with reassessment, the Court should decide the case using *de novo review,* instead of discretionary review.

October 23, 2007

_____
Laurence F. Padway
Attorney for plaintiff

---

[1] Unum reports that only one in four claimants who filed for reassessment responded to this update request, and it denied three out of four claims for alleged failure to return these forms.

Plaintiff's CMC Statement        2